UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 24-2623 PA (BFMx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Yihong Weng v. David M. Radel | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – COURT ORDER

On March 30, 2024, plaintiff Yihong Weng ("Plaintiff"), appearing pro se, filed a Complaint against defendant David Radel, the director of the Los Angeles Asylum Office of the United States Citizenship and Immigration Services ("USCIS") ("Defendant").  Plaintiff's Complaint asserts a claim for administrative mandamus and seeks to have Defendant promptly schedule an interview for her asylum application.  On June 14, 2024, Defendant filed a Notice of Mootness in which Defendant stated that USCIS, on May 16, 2024, issued a notice scheduling Plaintiff's interview.  As a result of the scheduling of the interview, the precise relief Plaintiff seeks in this action, Defendant asserts that this action is moot.

"To qualify for adjudication in federal court, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Di Giorgio v. Lee (In re Di Giorgio), 134 F.3d 971, 974 (9th Cir. 1998) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 117 S. Ct. 1055, 1068, 137 L. Ed. 2d 170 (1997)) (internal quotation marks omitted).  "Whenever an action loses its 'character as a present live controversy' during the course of litigation, federal courts are required to dismiss the action as moot." Id. (quoting Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir. 1989)).  Such mootness may arise when "the parties lack a legally cognizable interest in the outcome." L.A. County v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)) (internal quotations omitted).

According to Defendant's Notice of Mootness, counsel for Defendant has attempted to contact Plaintiff but has been unable to do so.  In light of the scheduling of Plaintiff's interview, the Court orders Plaintiff to show cause in writing why this action should not be dismissed without prejudice as moot.  Plaintiff's response to this Order to Show Cause shall be filed by no later than July 8, 2024.  Failure to file a timely or adequate response to this Order to Show Cause may, without further warning, result in the dismissal of this action without prejudice.

IT IS SO ORDERED.